Nabatoff v. SSA                    CV-97-232-SD  05/11/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Raphael M. Nabatoff

        v.                          Civil No. 97-232-SD

Kenneth S. Apfel, Commissioner,
 Social Security Administration


O R D E R


        Pursuant to section 205(g) of the Social Security Act, 42
U.S.C. § 405(g), plaintiff Raphael M. Nabatoff seeks judicial
review of a final decision of the Secretary of Health and Human
Services denying his claim for disability insurance benefits.
Presently before the court are (1) plaintiff's motion to reverse
the Secretary's decision and (2) defendant's motion to affirm
same.


Facts

        The parties' joint statement of material facts (document 8)
is herein incorporated.


Discussion

        The Administrative Law Judge (ALJ) found that Nabatoff was
not disabled within the meaning of 42 U.S.C. § 423(d), which

defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." On review, the ALJ's finding is entitled to deference if supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). However, "[d]eference is not an absolute rule." Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993). For the following reasons, the ALJ's finding that Nabatoff is not disabled is not supported by substantial evidence.

In going through the five-step analysis, 20 C.F.R. § 404.1520, the ALJ considered only Nabatoff's physical impairment related to his back, rejecting his mental impairment at stage two. Dr. William Swinburne, a psychologist who evaluated Nabatoff in 1995, diagnosed him with major depression and a personality disorder. Administrative Transcript (Tr.) 152-53. Without analysis, the ALJ asserted, "I find sufficient evidence to justify the finding of a severe mental impairment . . . ." Tr. 19. The First Circuit has noted that "the Step 2 severity requirement is hereafter to be a de minimis policy, designed to do no more than screen out groundless claims. . . . [A] finding of 'non-severe' is only to be made where medical evidence establishes only a slight abnormality or combination of slight

2

abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." McDonald v. Secretary of Health & Human Servs., 795 F.2d 1118, 1124 (1st Cir. 1986). It is clear that Nabatoff's claim of depression was not groundless and had more than a minimal effect on his ability to work. Dr. Swinburne reported, "I suspect he would not adapt well to work or work-like situations, given his current frame of mind." Tr. 152. There was no other medical evidence on record which cast doubt on Dr. Swinburne's report.

Rather, the ALJ rejected Dr. Swinburne's report, believing that it was based primarily on claimant's subjective complaints of back pain, which the ALJ found to be less than credible. First, in Dr. Swinburne's report, in reaching a diagnosis of depression and evaluating its severity, he relied on more than just Nabatoff's complaints about back pain. The report attributes some of claimant's depression to his wife's leaving him. The report also references several observations about claimant's behavior during the evaluation, as well as "vegetative signs such as decreased interest in food and decreased interest in his usual activities." Tr. 150. Dr. Swinburne clearly relied on his own observations, not just Nabatoff's subjective complaints.

3

Second, even if the ALJ was correct that Dr. Swinburne's report was based primarily on Nabatoff's subjective complaints, the ALJ was incorrect in rejecting that report solely because he found Nabatoff's complaints "out of proportion with the physiological and anatomical findings of the examining physicians." Tr. 17. Subjective complaints of pain may evince a mental impairment regardless of whether those complaints are grounded in physiological fact. In some cases, exaggerated preoccupation with perceived pain may be symptomatic of mental impairment. Thus the ALJ improperly rejected Swinburne's report and improperly found that Nabatoff's mental impairment was nonsevere.

In addition, the ALJ unreasonably found that "the medical evidence does establish that the claimant would not be precluded from performing a wide range of sedentary work which involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds without prolonged standing and walking or continuous sitting." Tr. 18. The only medical evidence on the record which tends to support the ALJ's conclusion is the report of Dr. John F. Lawlis III, which places Nabatoff in a "light sedentary work classification." Tr. 135. However, Dr. Lawlis's report was prepared in 1989, approximately seven years before the ALJ evaluated Nabatoff's

4

disability claim in 1996. In some circumstances, it is appropriate for an ALJ to rely on seven-year-old medical evidence. However, in this case, every physician who has examined Nabatoff in the interim has been less optimistic about his work capabilities. Dr. John A. Leppman examined Nabatoff in 1993, and in his report answered the following question: "What, in your opinion, would be the probability of this client returning to gainful employment if he/she is treated . . . .?" Tr. 142. Dr. Leppman answered: "from a practical standpoint I would doubt ability to resume regular employment." Id. In 1995 Dr. Leppman examined claimant again, noting that "[m]y previous statements about his occupational capabilities still stand." Tr. 144. In a letter dated July 25, 1995, Dr. Leppman elaborated further noting that "Mr. Nabatoff's combined problems do make most vocational activities difficult, since any regular amount of standing, walking, or carrying is going to be difficult for him, and he also does have difficulty with sitting in one place for a period of time." Tr. 145.

Dr. Roger Hansen examined Nabatoff in 1995 and noted that "[h]e spends most of his time lying down. . . . The likelihood of his showing any real improvement after these several years of almost absolute inactivity is very poor . . . ." Tr. 147-48.

5

Lastly, as discussed above Dr. William Swinburne noted that "I suspect he cannot tolerate many demands being placed on him. . . . At present his back pain seems to so dominate his life that work is not possible for him. As stated above, he places minimal demands on himself, and I suspect he would not adapt well to work or work-like situations, given his current frame of mind." Tr. 152.

Simply because a patient's subjective complaints of pain appear out of proportion to the physiological evidence does not necessarily mean that those subjective complaints are not credible evidence of the patient's psychological condition. Blowing minor problems out of proportion may in fact be symptomatic of certain psychological conditions.

In light of the apparent consensus among Dr. Leppman, Dr. Hansen, and Dr. Swinburne that regular employment would be difficult or impossible for Nabatoff, it was unreasonable for the ALJ to rely solely on the seven-year-old report by Dr. Lawlis that Nabatoff was capable of sedentary work.

For the foregoing reasons, the court reverses the ALJ's findings and remands the case for further review. On remand, the ALJ shall consider whether Nabatoff is disabled in light of his combined mental and physical impairments. The ALJ shall not take Dr. Lawlis's report as conclusive evidence that the claimant is

6

capable of performing sedentary work, but rather shall evaluate the claimant's residual functional capacity in light of the more recent opinions of Drs. Leppman, Hansen, and Swinburne.

## Conclusion

As set forth herein, the Secretary's disability determination is reversed and this case is remanded for a reconsideration of plaintiff's eligibility for disability insurance benefits in accordance with the provisions of this order. Plaintiff's motion to reverse the Secretary's decision is accordingly granted, and defendant's motion to affirm the Secretary's decision is denied. The clerk shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 11, 1998

cc:    Michael C. Shklar, Esq.
       David L. Broderick, Esq.